IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LAURA M. PIDGEON,

    Plaintiff,

vs.

IPIC-GOLD CLASS ENTERTAINMENT,
LLC, a Delaware Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LAURA M. PIDGEON, sues Defendant, IPIC-GOLD CLASS ENTERTAINMENT, LLC, and shows:

### Introduction

1. This is an action by LAURA PIDGEON against her former employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and Chapter 448 Florida Statutes. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, LAURA PIDGEON, (hereinafter "PIDGEON") a resident of Miami-Dade County, Florida, was at all times material, employed by IPIC-GOLD CLASS ENTERTAINMENT, LLC as a bartender for Defendant's movie theater, was an employee as defined by 29 U.S.C. § 203 (e), and during her employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5.	Defendant, IPIC-GOLD CLASS ENTERTAINMENT, LLC (hereinafter, "IPIC-GOLD CLASS ENTERTAINMENT"), is a Delaware Limited Liability Company doing business in Palm Beach County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the establishment PIDGEON was employed.  At all times pertinent to this Complaint, IPIC-GOLD CLASS ENTERTAINMENT operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and IPIC-GOLD CLASS ENTERTAINMENT obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## Count I – Unpaid Overtime

6.	Plaintiff realleges the allegations contained in paragraphs 1-5 as if fully set forth herein.

7.	From August 8, 2016 until November 1, 2018, Defendant IPIC-GOLD CLASS ENTERTAINMENT has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically PIDGEON, since August 8, 2016, has worked in excess of 40 hours per week many weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed. To wit: PIDGEON performed different jobs for Defendant

at different rates of pay, but was not paid the correct overtime premium when she worked overtime, in violation of 29 CFR §778.115.

8. The failure to pay the proper overtime compensation to PIDGEON is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

9. IPIC-GOLD CLASS ENTERTAINMENT's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and PIDGEON's status as non-exempt, but chose not to pay her in accordance with the Act.

10. PIDGEON is entitled pursuant to 29 U.S.C. § 216(b), to recover from IPIC-GOLD CLASS ENTERTAINMENT:

  a. All unpaid overtime that is due;
  b. As liquidated damages, an amount equal to the unpaid overtime owed;
  c. The costs of this action, and;
  d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, LAURA PIDGEON, prays that this court will grant judgment against Defendant IPIC-GOLD CLASS ENTERTAINMENT:

  a. awarding PIDGEON payment of the correct overtime compensation found by the Court to be due to her under the Act;
  b. awarding PIDGEON an additional equal amount as liquidated damages;
  c. awarding PIDGEON her costs, including a reasonable attorney's fee; and
  d. granting such other and further relief as is just.

## Count II – Unpaid Tips

11. Plaintiff, PIDGEON, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 5 above.

12. PIDGEON worked for IPIC-GOLD CLASS ENTERTAINMENT in a tipped position of bartender.

13. Due to a problem with the payroll system, PIDGEON was not paid all of her tips for several weeks prior to separating from IPIC-GOLD CLASS ENTERTAINMENT. Plaintiff estimates that she is owed approximately $2,400 in earned tips that were retained by the Defendant.

14. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. 29 C.F.R. § 531.52

15. During PIDGEON's final weeks of employment, she made multiple efforts and requests to Defendant to recover her unpaid tips. Despite her efforts and promises from Defendant to pay her the tips, she never received them.

16. Plaintiff's earned tips are part of her wages.

17. Plaintiff is entitled pursuant to 29 C.F.R. § 531.52 and Florida Statutes Chapter 448 to recover from Defendant IPIC-GOLD CLASS ENTERTAINMENT:

    a. all of her earned tips;

    b. prejudgment interest;

    c. the costs of this action, and;

    d. a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. enter judgment for PIDGEON against IPIC-GOLD CLASS ENTERTAINMENT for violations of 29 C.F.R. § 531.52 and Florida Statutes Chapter 448;

    b. award PIDGEON prejudgment interest;

    c. award PIDGEON reasonable attorneys' fees and costs of suit; and

    d. other such relief as this Court deems just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: November 30, 2018
Plantation, Florida

                                  Respectfully submitted,

                                  s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for LAURA PIDGEON*